IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRYL LAMONT GLOVER, )
)
Plaintiff, )
)
v. )
) Civil Action No. 13-1477
CAROLYN W. COLVIN, )
ACTING COMMISSIONER )
OF SOCIAL SECURITY, )
)
Defendant. )

OPINION

AND NOW, this 23rd day of March, 2015, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is granted, and the Acting Commissioner's motion for summary judgment (Document No. 17) be, and the same hereby is, denied. The case will be remanded to the Acting Commissioner pursuant to sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion.

When the Acting Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and . . . the [Commissioner's] responsibility to rebut it [should] be strictly construed. . . .'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)). These well-established principles dictate that the court remand this case to the Acting Commissioner for further proceedings as explained herein.

Plaintiff filed his DIB and SSI applications on June 4, 2010, alleging disability beginning on September 1, 2009, due to a left knee problem, a hernia, depression, a heart condition, high blood pressure, high cholesterol and weakness in his arms. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on February 1, 2012, at which plaintiff, who was represented by counsel, appeared and testified. On February 10, 2012, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on August 16, 2013, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 45 years old on his alleged onset date, which is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a cleaner, candy maker, rug installer, security guard and warehouse worker, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of left knee pain, status post hernia surgery, dysthymic disorder, heart disease and essential hypertension, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform sedentary work, but he is precluded from all incidental postural adaptations. In addition, plaintiff is precluded from exposure to hazards such as unprotected heights and dangerous machinery. Further, he is restricted to working in a clean environment with no temperature extremes, excessive humidity, fumes, dust or airborne particulates. Finally, plaintiff is restricted to simple, routine and repetitive tasks that do not involve exercising independent judgment or discretion, no change in work processes, no piece-work production rate pace and no interaction with the general public (collectively, the "RFC Finding").

The ALJ concluded that plaintiff is unable to perform his past relevant work because it exceeds his residual functional capacity. However, based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as an assembler, sorter/grater and cleaner/polisher. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or

%AO 72
(Rev. 8/82)

- 3 -

impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's decision is not supported by substantial evidence for the following reasons: (1) the ALJ failed to account for all of plaintiff's mental limitations in the RFC Finding and the hypothetical question posed to the vocational expert; (2) the ALJ failed to consider certain evidence pertaining to plaintiff's mental health history and treatment, particularly his GAF scores; and (3) the ALJ did not properly evaluate plaintiff's credibility. The court finds no merit to plaintiff's contentions concerning the ALJ's consideration of the evidence[2]

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

[2] First, the ALJ's decision contains a thorough summary of the medical evidence pertaining to both plaintiff's physical and mental impairments. (R. 68-72). Second, plaintiff's assertion that the ALJ failed to consider low GAF scores attributed to him is unfounded. GAF is a numeric scale that has been used by

or evaluation of his credibility,[3] but concludes that the ALJ's RFC Finding did not account for some of plaintiff's moderate mental limitations, thus the resulting hypothetical question was inadequate. For that reason, the case must be remanded to the Acting Commissioner for additional consideration at step 5 of the sequential evaluation process.

Plaintiff contends that the ALJ's RFC Finding fails to adequately account for all of his mental limitations because it does not include any accommodation for his moderate limitation in his ability to interact appropriately with supervisors and co-workers. The court agrees that the RFC Finding is deficient in this regard.

In making the RFC Finding, the ALJ relied on the opinion of consultative psychological examiner Dr. Charles Cohen. (R. 72). Significantly, Dr. Cohen rated plaintiff as being moderately

---

mental health clinicians and physicians to rate subjectively the social, occupational and psychological functioning of adults. However, the latest edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) no longer includes the GAF scale. See Brown v. Colvin, 2013 WL 6039018, at *7 n.3 (E.D. Wash. Nov. 14, 2013) (noting that the GAF scale was dropped from the DSM–5). Moreover, courts have recognized that a claimant's GAF score is not determinative of disability. See Gilroy v. Astrue, 351 Fed. Appx. 714, 715 (3d Cir. 2009)(recognizing that GAF scores do not have a direct correlation to the severity requirements of the Social Security mental disorder listings, and determining that a low GAF score is not conclusive evidence of a mental disability); Wind v. Barnhart, 2005 WL 1317040, *6 n.5 (11th Cir. 2005) (noting that the Commissioner has declined to endorse the GAF scale for use in the Social Security and SSI disability programs). Although one's GAF score alone is not controlling, the ALJ's decision makes clear that he considered all of plaintiff's mental health records from Mercy Behavioral Health, which included references to his GAF scores, thus the ALJ's evaluation of the evidence was not flawed.

[3]As required by the Regulations, the ALJ evaluated plaintiff's credibility by considering all of the relevant evidence in the record, including plaintiff's own statements about his symptoms and limitations, his activities of daily living, the medical evidence of record, the extent of plaintiff's treatment and the opinions of physicians who treated and examined him. See 20 C.F.R. §§404.1529(c)(1) and (c)(3), 416.929(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ concluded that the objective evidence is inconsistent with plaintiff's allegation of total disabling limitations, and thus determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 71). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision, (R. 68-72), and is satisfied that such determination is supported by substantial evidence. See Schaudeck v. Commissioner of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999) (an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony).

limited in his ability to interact appropriately with supervisors and co-workers. (R. 450). Dr. Cohen wrote "not on a team" next to the rating dealing with co-workers, and stated in his written report that plaintiff "should not work cooperatively with co-workers." (R. 450, 455).

Although the ALJ accounted for the majority of plaintiff's mental limitations identified by Dr. Cohen in making the RFC Finding,[4] he did not include any restriction to accommodate plaintiff's moderate limitation interacting appropriately with supervisors and co-workers. The ALJ was not automatically obliged to accept every aspect of Dr. Cohen's opinion if he identified adequate reasons to reject it; however, the ALJ failed to explain why he accounted for the majority of Dr. Cohen's findings, but apparently rejected or overlooked his assessment in the areas of interacting with supervisors and co-workers. See Reveteriano v. Astrue, 490 Fed. Appx. 945, 948 (10th Cir. 2012) (noting that "a 'moderate' limitation 'is not the same as no impairment at all' and thus cannot be ignored as a potential element in a claimant's RFC") (quoting Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007)). For this reason, the RFC Finding is not supported by substantial evidence.

As a result of the flawed RFC Finding, the court agrees with plaintiff that the ALJ posed an inadequate hypothetical question to the vocational expert. An ALJ's hypothetical question to a vocational expert must account for all of the claimant's impairments and resulting functional limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d

---

[4] Dr. Cohen found that plaintiff was markedly limited in understanding, remembering and carrying out detailed instructions, so the ALJ limited plaintiff to simple, routine and repetitive tasks. (R. 67, 450). Dr. Cohen also found that plaintiff was moderately limited in making judgments on simple work-related decisions, thus the ALJ restricted him to work that does not involve exercising independent judgment or discretion. (R. 67, 450). In addition, Dr. Cohen determined that plaintiff was moderately limited in his ability to respond appropriately to work pressures and changes, so the ALJ included restrictions for no change in work processes and no piece-work production rate pace. (R. 67, 450). Finally, Dr. Cohen assessed plaintiff as markedly limited in his ability to interact appropriately with the public, therefore the ALJ restricted him to work that does not involve interaction with the general public. (R. 67, 450).

Cir. 1987). In this case, the ALJ's hypothetical question failed to account for plaintiff's moderate limitation in his ability to interact appropriately with supervisors and co-workers. Because the hypothetical question did not include all of plaintiff's limitations supported by the record, the ALJ erred by relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

On remand, the ALJ must revisit his findings at step 5 of the sequential evaluation process. In particular, the ALJ must provide adequate explanation why he accepted the majority of Dr. Cohen's opinion but failed to account for plaintiff's moderate limitation in his ability to interact appropriately with supervisors and co-workers. If the ALJ is unable to explain why he rejected those findings by Dr. Cohen, or if he indicates that he simply overlooked them, he must account for plaintiff's moderate limitation in those areas in making the RFC Finding. In that event, the ALJ must pose a hypothetical question to the vocational expert which incorporates his modifications to the RFC Finding for plaintiff's moderate limitation in interacting appropriately with supervisors and co-workers.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Acting Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Acting Commissioner for further proceedings consistent with this Opinion.

                                                   */s/ Gustave Diamond*
                                                   Gustave Diamond
                                                   United States District Judge

AO 72
(Rev. 8/82)

cc: Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226

Colin Callahan
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219